## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL PEREIRA ) | ECF CASE |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  7:26-cv-03414 |
| ) | |
| AMERICAN SEATING COMPANY, ) | |
| THOMAS BUSH, ) | **COMPLAINT** |
| And ) | |
| KAREN DHANIE, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Rachel Pereira ("Pereira"), by and through her undersigned attorneys, Solomon Law Firm, PLLC, alleges as follows:

### JURY TRIAL DEMANDED

1.    Plaintiff, Pereira, demands a trial by jury of all issues in this action.

### PRELIMINARY STATEMENT

2.    American Seating Company ("Amseco") and co-Defendants, Thomas Bush ("Bush") and Karen Dhanie ("Dhanie") discriminated against Pereira on the basis of her sex by subjecting her to discrimination, hostile work environment, sexual harassment, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL").

3.     Amseco enabled Dhanie, Vice President of Business Development, to sexually harass Pereira by calling her a "whore" and a "bitch" in a company email and at industry conferences and failed to take any action to address Dhanie's conduct or to protect Pereira from

1

the continuing hostile work environment even after she repeatedly notified Amseco of Dhanie's actions.

4. From in or about October 2024 through March 2025, Pereira was forced to endure the egregious sexual harassment and hostile work environment created by Dhanie, and which Amseco and Bush failed to correct.

5. On or about October 15, 2024, Dhanie sent Pereira an email via the Amseco company email system stating she was a "whore" and a "bitch," and made similar statements to industry professionals at multiple public conferences over several days.

6. Although Pereira promptly reported this discriminatory conduct to Bush, Amseco's CEO, and to Human Resources, Amseco failed to investigate or remedy the harassment, and instead retaliated against Pereira by terminating her employment on March 7, 2025.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Specifically, this Court has jurisdiction over this Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as Plaintiff's federal claims.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because Plaintiff resided in New York State during the relevant events giving rise to this Complaint, a substantial part of the events or omissions that give rise to the claims occurred in this District, and the Defendants conducted business and maintained employees in the State of New York during the relevant time period.

2

10. This Court has personal jurisdiction over the Defendants pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a)

11. Amseco purposely transacted business in New York State by soliciting and servicing customers, supplying goods and services, attending trade shows and employing individuals residing in the state, including the employment of Pereira.

12. Bush purposely transacted business in the New York State by directing the business activities of employees located in the state who supplied goods and services, hiring employees in the state (including Pereira), and traveling to the state to transact business.

13. Dhanie purposely transacted business in New York State by directing the business activities of employees located in the state and traveling to the state to transact business, including but not limited to a trade show in Buffalo, New York.

## PARTIES

14. Plaintiff Pereira is an adult female and citizen of the United States.

15. During Pereira's employment with Amseco she was the Regional Sales Manager for the Northeast and maintained an office for Amseco in Poughkeepsie, New York.

16. During the relevant time period, Pereira resided at 31 Earlwood Drive, Poughkeepsie, New York.

17. Upon information and belief, Amseco continues to maintain offices and provide services throughout the State of New York.

18. Amseco is, upon information and belief, a Michigan corporation with its principal place of business and corporate headquarters located at 801 Broadway Avenue NW, Grand Rapids, Michigan 49504.

3

19.    Amseco manufactures passenger seating for use in buses, light rails, and motorcoaches, and employs over 250 individuals.

20.    Upon information and belief, Amseco is, and at all times mentioned, authorized to do business in the State of New York.

21.    Defendant Amseco is an employer under Title VII as it is engaged in an industry affecting interstate commerce and has 15 or more employees for each working day in 20 or more calendar weeks in the current or preceding calendar year.

22.    Defendant Amseco is also an employer as defined in § 292(5) of the New York Executive Law.

23.    Defendant Bush is, upon information and belief, an adult male resident of the State of Michigan.

24.    At all relevant times, Defendant Bush is and has been employed by Amseco as President and Chief Executive Officer.

25.    Defendant Dhanie is, upon information and belief, an adult female formerly a resident of the State of Michigan and now a resident of the State of Florida.

26.    At all relevant times, Defendant Dhanie was employed by Amseco as Vice President of Business Development.

27.    At all relevant times, Pereira was supervised by Bush.

28.    At all relevant times, Amesco, and through Bush, exercised control over the terms and conditions of Pereira's employment.

29.    Upon information and belief, Defendants and/or their agents made the decisions that led to the violations of Pereira's rights under Title VII, the N.Y. Executive Law, and the NYSHRL.

4

30.     Pereira was employed in the position of Regional Sales Manager for the Northeast, with responsibilities that included managing company sales, marketing, and developing and maintaining customer relationships within the northeast territory.

31.     Defendant Bush served as Pereira's direct supervisor.

32.     Defendant Bush received multiple complaints from Pereira regarding the sexual harassment and discriminatory conduct by Defendant Dhanie.

33.     Defendant Dhanie was a supervisor with authority over employees of Amseco.

34.     Defendant Dhanie was the alleged harasser who subjected Pereira to sexually derogatory language and discriminatory conduct.

35.     Defendants Bush and Dhanie are proper parties under NYSHRL § 296(6) as they aided, abetted, incited, compelled, or coerced the unlawful discriminatory practices alleged herein.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

38.     Pereira timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about April 11, 2025 (EEOC Charge No. 520-2025-04681).

39.     On January 26, 2026, Pereira received a Notice of Right to Sue from the EEOC. A true and correct copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

40.     Pereira files this Complaint within ninety (90) days of receipt of the Notice of Right to Sue. See 42 U.S.C. § 2000e-5(f)(1).

41.     Pereira has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## STATEMENT OF FACTS

42.　　Pereira incorporates the preceding paragraphs as if fully set forth herein.

43.　　On September 20, 2024, Amseco offered Pereira a position as Regional Sales Manager, reporting to Bush, Amseco's President and Chief Executive Officer.

44.　　Pereira accepted the position on September 20, 2024, and began working for Amseco on or about October 14, 2024.

45.　　Pereira was assigned to Amseco's northeast sales region, which is a substantial source of business for the company.

46.　　Pereira's position required her to manage company sales, marketing, and develop and maintain customer relationships within her assigned territory which included New York State.

47.　　Pereira resided in Poughkeepsie, New York when she was hired and commenced employment with Amseco.

48.　　On or about October 15, 2024, just one day after Pereira began her employment with Amseco, Defendant Dhanie sent an email to Pereira via the Amseco email system.  A true and correct copy of email from Dhanie dated October 15, 2024, is attached as Exhibit B.

49.　　Defendant Dhanie copied Defendant Bush, the CEO, on this email and on information and belief, it was transmitted to other Amesco employees.

50.　　In this email, Defendant Dhanie wrote to Pereira: "You're a worthless person. You've created a toxic workplace now and you're a whore ... you're a bitch."

51.　　The email also stated: "I wish you were dead."

52.　　The email further stated: "I know your past and I know you're a drunk, you're a bitch."

6

53. The email also contained the statement: "You told the industry I was sleeping with Thomas Bush."

54. On or about October 15, 2024, Pereira also learned that Defendant Dhanie had made similar sexually discriminatory and sexually harassing statements about her at the Tennessee Public Transportation Association Conference and Expo to attendees, including on information and belief, existing customers of Amseco, potential customers of Amseco, third party suppliers and consultants along with Amseco competitors

55. Specifically, Defendant Dhanie told several meeting attendees at the Tennessee conference that Pereira was a "whore and a bitch."

56. These statements were made publicly to industry professionals with whom Pereira needed to maintain professional relationships as part of her job duties.

57. On the same date, October 15, 2024, Pereira immediately reported the harassing email and the statements made at the Tennessee conference to Defendant Bush, who was both her direct supervisor and Amseco's CEO.

58. Defendant Bush took no immediate action to correct or stop the sexually harassing conduct.

59. Two days later, on or about October 17, 2024, Defendant Dhanie again publicly disparaged Pereira at an industry conference.

60. At the New York Public Transit Association's 2024 Annual Conference & Expo in Buffalo, New York, Defendant Dhanie told industry professionals that Pereira was a "whore."

61. On or about October 18, 2024, Pereira once again reported Defendant Dhanie's sexually harassing and sexually discriminatory comments to Defendant Bush.

62.     Despite this second complaint, Defendant Bush once again took no action to prevent the harassment or to correct the sexually hostile work environment created by Defendant Dhanie.

63.     On October 21, 2024, Pereira again reported the sexually harassing and sexually discriminatory comments by Defendant Dhanie, this time to Amseco's Human Resources staff.

64.     Pereira reasonably expected that Amseco would investigate her complaints and take appropriate corrective action to stop the harassment and protect her from further discriminatory conduct.

65.     In or around late October 2024, Pereira relocated from New York to South Carolina.

66.     Pereira remained assigned to the northeast territory, and her relocation did not change her job responsibilities or duties.

68.     Following Pereira's complaints to Defendant Bush and Amseco Human Resources in October 2024, Amseco failed to conduct any investigation of her allegations of sexual harassment and sexual discrimination.

69.     Amseco also failed to take adequate corrective action to remedy the hostile work environment or to prevent further harassment of Pereira.

70.     From on or about November 21, 2024, through March 2025, on information and belief, Defendant Dhanie continued to discriminate and disparage and defame Pereira with clients and prospective clients of Amseco.

71.     These discriminatory and disparaging statements were made both within and outside the workplace and continued to damage Pereira's professional reputation in the transportation industry.

72.     From in or about November 2024 through March 2025, neither Amseco nor Defendant Bush took any action to correct the sexually hostile work environment created by Defendant Dhanie.

73.     The sexually derogatory language used by Defendant Dhanie, including calling Pereira a "whore" and a "bitch," was directed at Pereira because of her sex.

74.     Defendant Dhanie's conduct was severe and pervasive, creating an intimidating, oppressive, hostile, and offensive work environment that interfered with Pereira's emotional well-being and her ability to perform her job duties.

75.     Defendant Dhanie's public statements at industry conferences and to clients severely damaged Pereira's professional reputation and undermined her ability to develop and maintain customer relationships, which was an essential function of her position.

76.     Defendant Bush and Amseco had actual knowledge of the hostile work environment because Defendant Bush was copied on the October 15, 2024, email and Pereira made multiple direct complaints to Defendant Bush including on or about October 15, 2024, and October 18, 2024.

77.     Amseco also had actual knowledge through Pereira's complaint to Human Resources on October 21, 2024.

78.     Despite this actual knowledge, Amseco failed to take reasonable care to prevent and promptly correct the discriminatory harassing behavior.

79.     On or about March 7, 2025, approximately four and a half months after Pereira first complained about the sexual harassment, Amseco summarily terminated Pereira's employment.

80.     Amseco's stated reason for terminating Pereira was her alleged failure to travel to the northeast territory, which Amseco claimed was required by her position.

81.     This stated reason was pretextual and not the true reason for Pereira's termination.

82.     Pereira's termination was retaliation for her protected activity of complaining about sexual harassment and sexual discrimination by Defendant Dhanie.

83.     Upon information and belief Defendant Dhanie did not label males as "whores" or "bitches" who were in similar roles as Plaintiff.

84.     The temporal proximity between Pereira's complaints in October 2024 and her termination in March 2025 establishes a causal connection between Pereira's protected activity and the adverse employment action.

85.     As a result of her termination, Pereira suffered loss of income, loss of employee benefits, loss of opportunities for advancement and promotion, and damage to her professional reputation and career, and emotional distress.

86.     Amseco also failed to reimburse Pereira for travel expenses that she had incurred and for which Amseco had agreed to pay.

87.     This failure to reimburse agreed-upon travel expenses was part of Amseco's pattern of retaliatory conduct against Pereira.

88.     As a direct result of the sexual harassment, hostile work environment, Amseco's failure to investigate and remedy the harassment, and the retaliatory termination, Pereira has suffered and continues to suffer severe emotional distress, pain, suffering, and mental anguish.

89.     Pereira has also incurred costs and expenses, including medical and legal fees, as a direct result of Defendants' illegal and discriminatory actions.

10

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**AGAINST AMSECO**
**(Disparate Treatment/Sex Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a))**

90.     Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

91.     Pereira was, at all times relevant herein, an employee of Defendant Amseco within the meaning of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.).

92.     At all times relevant herein, Amseco was Pereira's employer within the meaning of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.).

93.     Pereira is a member of a protected class under Title VII based on her sex, female.

94.     Pereira was qualified for her position as Regional Sales Manager and was performing her job satisfactorily.

95.     Pereira was subjected to adverse employment actions, including disparate treatment based on her sex and ultimately termination of her employment.

96.     Through the aforementioned acts, Amseco subjected Pereira to disparate treatment and willfully engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.) by discriminating against Pereira because of her sex and denying her equal terms and conditions of employment.

97.     Male employees similarly situated to Pereira were not subjected to the same treatment that Pereira received.

98.     The differential treatment that Pereira experienced was because of her sex, female.

11

99.    Amseco's agents and employees, including Defendants Bush and Dhanie, took materially adverse actions against Pereira based on her sex, including subjecting her to sexually derogatory language, failing to investigate her complaints of sex discrimination, and terminating her employment.

100.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Pereira's right to be free from discrimination based on sex.

101.    As a direct, legal, and proximate result of the discrimination, Pereira has sustained, and will continue to sustain, economic and emotional injuries, including loss of wages, loss of benefits, damage to her reputation and career, and severe emotional distress, resulting in damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**AGAINST AMSECO**
**(Hostile Work Environment/Sexual Harassment in Violation of**
**Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a))**

102.    Pereira repeats and realleges the allegations above as though the same were set forth in full herein.

103.    Pereira was, at all times relevant herein, an employee of Defendant Amseco within the meaning of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.).

104.    At all times relevant herein, Amseco was Pereira's employer within the meaning of Title VII of the Civil Rights Act (42 U.S.C. § 2000e  et seq.).

105.    Through the aforementioned acts, Amseco subjected Pereira to a continuous pattern of sexual harassment and a hostile work environment, willfully engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.) by subjecting. Pereira to a severe or pervasive hostile work environment, discriminating against Pereira, and denying her equal terms and conditions of employment and harassing her.

106. Pereira was subjected to unwelcome harassment by Amseco's agents and employees, including Defendant Dhanie, because of her sex, female.

107. The harassment consisted of Defendant Dhanie calling Pereira a "whore" and a "bitch" in a company email sent via the Amseco email system and copied to the CEO, making similar sexually derogatory statements about Pereira publicly at the Tennessee Public Transportation Association Conference and Expo, making additional public statements calling Pereira a "whore" at the New York Public Transit Association's 2024 Annual Conference & Expo in Buffalo, New York, and continuing to disparage and defame Pereira with clients and prospective clients during the course of her employment.

108. Amseco and its agents' and employees' conduct was not welcomed by Pereira.

109. The conduct was so severe or pervasive that a reasonable person in Pereira's position would find her work environment to be hostile or abusive.

110. The highly charged sexually derogatory language ("bitch" "whore") directed at Pereira, the public nature of the statements at industry conferences, and the ongoing disparagement to clients created an environment that was objectively hostile and abusive.

111. Pereira believed the work environment to be hostile or abusive because of Amseco's agents' and employees' conduct.

112. Management-level employees, including Defendant Bush and Amseco Human Resources staff, knew or should have known of the abusive conduct. Pereira provided management-level personnel, including Defendant Bush and Amseco Human Resources, with information sufficient to raise a probability of sexual harassment in the mind of a reasonable employer. Defendant Bush was directly copied on the October 15, 2024, email containing the sexually harassing language. Pereira made direct complaints to Defendant Bush on or about

October 15, 2024, and October 18, 2024, and to Human Resources on or about October 21, 2024. Moreover, the harassment was so pervasive and open, occurring at public industry conferences and continuing for months, that a reasonable employer would have had to have been aware of it.

113.    Defendant Amseco did not exercise reasonable care to prevent harassment in the workplace on the basis of sex and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

114.    Amseco failed to conduct any investigation of Pereira's complaints and failed to take adequate corrective action to remedy the hostile work environment or protect Pereira from continuing harassment.

115.    The aforementioned acts of Defendant Dhanie were permitted to continue unremedied from until Pereira's illegal termination in  March 2025.

116.    As a result of the aforementioned acts and omissions, Defendants violated Pereira's right to be free from a hostile work environment, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*

117.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Pereira's right to be free from discrimination based on sex.

118.    As a direct and proximate result of Defendants' conduct, Pereira has sustained and will continue to sustain economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation and career, severe emotional distress, physical and mental health problems, and legal expenses to date, which all have caused permanent economic injury to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**AGAINST AMESCO**
**(Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-3(a))**

119.    Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

120.    Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

121.    Pereira engaged in protected activity under Title VII by making complaints to Defendant Bush and Amseco Human Resources opposing Defendants' unlawful, discriminatory employment practices based on sex discrimination and the hostile work environment created by Defendant Dhanie.

122.    Pereira made complaints on or about October 15, 2024, October 18, 2024, and October 21, 2024, regarding the sexually harassing and sexually discriminatory conduct by Defendant Dhanie.

123.    As a result of Pereira's complaints, Amseco took materially adverse action against Pereira by summarily terminating her employment on March 7, 2025.

124.    These Defendants' adverse actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

125.    There exists a causal connection between Pereira's protected activity and the adverse employment action of termination.

126.    The temporal proximity between Pereira's complaints in October 2024 and her termination in March 2025, combined with Amseco's failure to take corrective, establishes a causal link between the protected activity and the termination.

15

127. Amseco's stated reason for terminating. Pereira, her alleged failure to travel to the northeast territory, was pretextual and not the true reason for the termination.

128. The true motive for Pereira's termination was retaliation for her complaints about sex discrimination and sexual harassment by Defendant Dhanie.

129. Through the aforementioned acts and omissions, Defendants retaliated against Pereira for complaining about the hostile work environment and sexual harassment, including by altering the compensation, terms, conditions, and/or privileges of her employment and by taking tangible employment action against her through termination.

130. Defendants also retaliated against Pereira by failing to reimburse her for travel expenses that she had incurred and for which Amseco had agreed to pay.

132. As a result of the aforementioned acts and omissions, Defendants Amseco, Bush, and Dhanie unlawfully retaliated against Pereira in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a).

133. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Pereira's right to be free from retaliation for opposing unlawful discrimination.

134. As a direct and proximate result of Defendants' conduct, Pereira has sustained and will continue to sustain economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation and career, severe emotional distress, physical and mental health problems, and legal expenses to date, which all have caused permanent economic injury to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**AGAINST AMSECO**

**(Retaliatory Hostile Work Environment in Violation of**
**Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-3(a))**

135.    Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

136.    Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

137.    Pereira opposed Dhanie's unlawful discrimination and employment practices based on sex by reporting it several times to Bush and Amseco Human Resources, and Defendant's agents and assigns. As a result of Periera's complaints, the Defendants took materially adverse actions against her, including, but not limited to, taking no action to investigate her allegations of discrimination based on sex, taking no action to correct the record after Dhanie wrote in an email that Pereira was a "whore" and "bitch,"  taking no action to stop Dhanie from repeating these statements at meetings of industry professionals, and taking no action to ensure that Pereira's workplace was free of sexual discrimination and harassment.

138.    The Defendant's adverse actions constituted retaliatory workplace harassment.

139.    These retaliatory actions by Defendant were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

140.    Through Amseco's aforementioned acts and omissions, it retaliated against Periera for her opposition to Dhanie's unlawful discrimination and employment practices based on sex.

141.    As a result of Pereira's protected activity of reporting the unlawful discrimination and employment practices based on sex, she was subjected to severe or pervasive retaliation by Amseco and terminated.

142.    Amseco's termination of Pereira was in direct retaliation for her complaints to Bush and Amseco Human Resources about the sexual discrimination, sexual harassment by Dhanie.

143.    Defendants' termination of Pereira constituted retaliatory workplace harassment.

144.    Pereira's retaliatory termination is a violation of Title VII.

145.    The Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Pereira's right to be free from discrimination based on sex.

146.    As a direct, legal and proximate result of the Amseco's retaliation, Pereira has sustained, and will continue to sustain economic and emotional injuries, and damage to her reputation and career resulting in damages in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### AGAINST AMSECO
**(Disparate Treatment/Sex Discrimination in Violation of the
New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*.)**

147.    Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

148.    Pereira was, at all times relevant herein, an employee of Defendant Amseco within the meaning of the New York State Human Rights Law (N.Y. Exec. Law § 290 *et seq*.).

149.    At all times relevant herein, Amseco was Pereira's employer within the meaning of the New York State Human Rights Law (N.Y. Exec. Law § 290 *et seq*.).

150.    The New York State Human Rights Law prohibits employment practices that discriminate against a plaintiff on the basis of their sex. Pereira has been the victim of unlawful discriminatory conduct in the workplace.

151.    Pereira is a member of a protected class based on her sex, female.

152.    Pereira was qualified for her position as Regional Sales Manager with Amseco.

153.    Pereira was unlawfully and intentionally subjected to disparate treatment and was subjected to adverse employment actions as a result of her sex. Amseco's agents and employees took materially adverse actions against Pereira, including, but not limited to, subjecting her to sexually derogatory language, failing to investigate her complaints of sex discrimination, permitting a hostile work environment to continue, and ultimately terminating her employment.

154.    The NYSHRL has a lower threshold than Title VII. Any differential treatment based on a protected characteristic, not just severe or pervasive conduct, violates the NYSHRL.

155.    Other male employees similarly situated to Pereira were treated more favorably and not subjected to these actions.

156.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Pereira's right to be free from discrimination based on sex.

157.    As a direct and proximate result of Defendants' conduct, Pereira has sustained and will continue to sustain economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation and career, severe emotional distress, physical and mental health problems, and legal expenses to date, which all have caused permanent economic injury to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**AGAINST AMSECO**
**Hostile Work Environment/Sexual Harassment in Violation of the**
**New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*.)**

158.    Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

159. Pereira was, at all times relevant herein, an employee of Defendant Amseco within the meaning of the New York State Human Rights Law (N.Y. Exec. Law § 290 *et seq*.).

160. At all times relevant herein, Amseco was Pereira's employer within the meaning of the New York State Human Rights Law (N.Y. Exec. Law § 290 *et seq*.).

161. By and through their course of conduct as alleged above, Defendants willfully violated the NYSHRL by subjecting Pereira to a hostile work environment, discriminating against Pereira, and denying her equal terms and conditions of employment, harassing Pereira, and materially altering the terms and conditions of her employment because of her sex.

162. Pereira was subjected to harassment by Amseco's agents and employees, including Defendant Dhanie, because of Pereira's sex, female.

163. Amseco's agents and employees' conduct was not welcomed by Pereira.

164. The conduct was because Pereira was a member of a protected class, female. Under the NYSHRL, harassment need not be severe or pervasive but must rise above petty slights and trivial inconveniences which "whore" and "bitch" rises above.

165. Here, the conduct here was so severe or pervasive that a reasonable person would consider the work environment to be hostile.

166. The harassment consisted of Defendant Dhanie calling Pereira a "whore" and a "bitch" in a company email sent via the Amseco email system and copied to the CEO, making similar sexually derogatory statements about Pereira publicly at the Tennessee Public Transportation Association Conference and Expo, making additional public statements calling Pereira a "whore" at the New York Public Transit Association's 2024 Annual Conference & Expo in Buffalo, New York, and continuing to disparage and defame Pereira with clients and prospective clients until her retaliatory termination in  March 2025.

167.    Eventually, the conduct culminated in the illegal, discriminatory and retaliatory termination of Pereira by Amseco.

168.    Pereira reasonably considered the work environment to be hostile because of Amseco's agents and employees' conduct.

169.    Defendant Bush knew, or in the exercise of reasonable care should have known, about the conduct, and either approved or accepted the conduct. At the time of the conduct, Defendant Bush was a high-level managerial employee.

170.    Defendant Bush was himself complicit in the discriminatory conduct and also participated in the course of conduct aiding and abetting the unlawful discrimination and hostile work environment against Pereira in violation of the NYSHRL.

171.    Defendant Dhanie actively sexually harassed and abused Pereira and Defendant Bush did not exercise reasonable care to prevent harassment in the workplace on the basis of sex and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

172.    Amseco failed to conduct any investigation of Pereira's complaints and failed to take adequate corrective action to remedy the hostile work environment or protect the plaintiff from continuing harassment.

173.    Through the aforementioned acts and omissions, Defendants subjected Pereira to sexual harassment and a hostile work environment, in violation of the NYSHRL.

174.    As a result of the aforementioned acts and omissions, Defendants violated Pereira's right to be free from a hostile work environment, pursuant to the NYSHRL.

175.    As a direct and proximate result of Defendants' conduct, Pereira has sustained and will continue to sustain economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation and career, severe emotional distress, physical and mental health

problems, and legal expenses to date, which all have caused permanent economic injury to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**AGAINST AMSECO**

**(Retaliation in Violation of the New York State Human Rights Law,**
**N.Y. Exec. Law § 290 *et seq.*)**

176.    Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

177.    The New York State Human Rights Law, N.Y. Exec. Law § 296(7), prohibits retaliation against employees who oppose unlawful discriminatory practices or who participate in proceedings under the NYSHRL.

178.    Pereira engaged in protected activity under the NYSHRL by making complaints to Defendant Bush and Amseco Human Resources opposing Defendants' unlawful, discriminatory employment practices based on sex discrimination and the hostile work environment created by Defendant Dhanie.

179.    Pereira made informal and formal complaints to Defendants' agents and employees opposing the hostile work environment based on sex. Pereira made complaints on or about October 15, 2024, October 18, 2024, and October 21, 2024, regarding the sexually harassing and sexually discriminatory conduct by Defendant Dhanie.

180.    As a result of Pereira's complaints, Defendants' agents and employees took materially adverse actions against Pereira, including, but not limited to, failing to investigate her complaints, failing to take corrective action, permitting the hostile work environment to continue, and ultimately summarily terminating her employment on March 7, 2025.

181.    There exists a causal connection between Pereira's protected activity and the adverse employment action of termination.

182.    Defendants retaliated against Pereira for refusing Defendant Dhanie's harassment and for reporting and complaining about the hostile work environment created by Defendant Dhanie and for complaining about the sex discrimination and participating in protected activity concerning the reported conduct.

183.    Defendants also retaliated against Pereira by failing to reimburse her for travel expenses that she had incurred and for which Amseco had agreed to pay.

184.    Through the aforementioned acts and omissions, Defendants retaliated against Pereira after she reported the hostile work environment and altered the terms, conditions and/or privileges of her employment and by terminating her employment.

185.    As a result of the aforementioned acts and omissions, Defendants unlawfully retaliated against Pereira in violation of the NYSHRL.

186.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Pereira's right to be free from retaliation for opposing unlawful discrimination.

187.    As a direct and proximate result of Defendants' conduct, Pereira has sustained and will continue to sustain economic injury in the form of loss of wages, loss of benefits, irreparable damage to her reputation and career, severe emotional distress, physical and mental health problems, and legal expenses to date, which all have caused permanent economic injury to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## AGAINST AMSECO
### (Retaliatory Hostile Work Environment in Violation of
### of the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*)

188. Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

189. The New York State Human Rights Law, N.Y. Exec. Law § 296(7), prohibits retaliation against employees who oppose unlawful discriminatory practices or who participate in proceedings under the NYSHRL.

190. Pereira opposed Dhanie's unlawful discrimination and employment practices based on sex by reporting it several times to Bush and Amseco Human Resources, and Defendant's agents and assigns.

191. As a result of Periera's complaints, the Defendants took materially adverse actions against her, including, but not limited to, taking no action to investigate her allegations of discrimination based on sex, taking no action to correct the record after Dhanie wrote in an email that Pereira was a "whore" and "bitch," taking no action to stop Dhanie from repeating these statements at meetings of industry professionals, and taking no action to ensure that Pereira's workplace was free of sexual discrimination and harassment.

192. The Defendant's adverse actions constituted retaliatory workplace harassment.

193. These retaliatory actions by Defendant were sufficient to deter a reasonable person from engaging in protected activity under the NYSHRL.

194. Through Amseco's aforementioned acts and omissions, it retaliated against Periera for her opposition to Dhanie's unlawful discrimination and employment practices based on sex.

24

195.    As a result of Pereira's protected activity of reporting the unlawful discrimination and employment practices based on sex, she was subjected to severe or pervasive retaliation by Amseco and terminated.

196.    Amseco's termination of Pereira was in direct retaliation for her complaints to Bush and Amseco Human Resources about the sexual discrimination, sexual harassment by Dhanie.

197.    Defendants' termination of Pereira constituted retaliatory workplace harassment.

198.    Pereira's retaliatory termination is a violation of the NYSHRL.

199.    The Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Pereira's right to be free from discrimination based on sex.

200.    As a direct, legal and proximate result of the Amseco's retaliation, Pereira has sustained, and will continue to sustain economic and emotional injuries, and damage to her reputation and career resulting in damages in an amount to be proven at trial.

### EIGHTH CLAIM FOR RELIEF
**(Aider-and-Abettor Liability in Violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(6) against Defendant Karen Dhanie)**

201.    Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

202.    Defendant Dhanie, as an aider and abettor, engaged in a pattern and practice of unlawful sexual harassment and discrimination of Pereira that created a sex-based hostile work environment and resulted in her retaliatory termination.

203.    Defendant Dhanie had actual knowledge of unlawful discriminatory conduct directed at Pereira based on her sex.

204.    Defendant Dhanie directly participated in and facilitated such discriminatory conduct. Specifically, Defendant Dhanie sent Pereira an email via the Amseco email system on

October 15, 2024 calling her a "whore" and a "bitch," made similar sexually derogatory statements about Pereira publicly at the Tennessee Public Transportation Association Conference and Expo, made additional public statements calling Pereira a "whore" at the New York Public Transit Association's 2024 Annual Conference & Expo in Buffalo, New York, and continued to disparage and defame Pereira with clients and prospective clients from November 2024 through March 2025.

205.    Defendant Dhanie's conduct directly contributed to the discrimination and hostile work environment suffered by Pereira.

206.    Defendant Dhanie's statements and actions were in violation of N.Y. Exec. Law § 296(6) in that she did knowingly aid, abet, incite, compel and coerce acts and statements that violate the NYSHRL.

207.    As a direct, legal and proximate result of Defendant Dhanie's statements and actions to aid and abet unlawful sexual harassment and discrimination of Pereira, she has sustained and will continue to sustain economic and emotional injuries, and damage to her reputation and career resulting in damages in an amount to be proven at trial.

208.    Defendant Dhanie is personally and individually liable to Pereira for violations of the NYSHRL.

**NINTH CLAIM FOR RELIEF**
**(Aider-and-Abettor Liability in Violation of the New York State Human Rights Law,**
**N.Y. Exec. Law § 296(6) against Defendant Thomas Bush)**

209.    Pereira repeats and realleges the allegations contained above as though the same were set forth in full herein.

26

210. Defendant Thomas Bush, as an aider and abettor, engaged in a pattern and practice of unlawful sexual harassment and discrimination of Pereira that created a sex-based hostile work environment and resulted in her retaliatory termination.

211. Defendant Bush had actual knowledge of unlawful discriminatory conduct directed at Pereira based on her sex.

212. Defendant Bush was copied on the October 15, 2024 email from Defendant Dhanie containing sexually derogatory language directed at Pereira.

213. Pereira also made direct complaints to Defendant Bush on October 15, 2024 and October 18, 2024, regarding Defendant Dhanie's sexually harassing and sexually discriminatory conduct.

214. Despite this actual knowledge, Defendant Bush failed to take adequate corrective action to remedy the hostile work environment or protect Pereira from continuing harassment.

215. Defendant Bush failed to investigate Pereira's complaints of sexual harassment and sexual discrimination.

216. This failure to take adequate corrective action contributed to the ongoing hostile environment and subsequent retaliation against Pereira.

217. Defendant Bush's conduct constitutes aiding and abetting unlawful discrimination under the NYSHRL.

218. Defendant Bush's statements and actions were in violation of N.Y. Exec. Law § 296(6) in that he did knowingly aid, abet, incite, compel and coerce acts and statements that violate the NYSHRL.

219. As a direct, legal and proximate result of Defendant Bush's statements and actions to aid and abet unlawful sexual harassment and discrimination of Pereira, she has sustained and

will continue to sustain economic and emotional injuries, and damage to her reputation and career resulting in damages in an amount to be proven at trial.

220.    Defendant Bush is personally and individually liable to Pereira for violations of the NYSHRL.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1.    Declaring that Defendants' actions and practices violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.;

2.    Permanently enjoining Defendants from engaging in discriminatory practices, harassment, and retaliation against Plaintiff and other employees, and ordering Defendants to implement training programs, revise policies, and correct the plaintiff's employment records;

3.    Awarding damages for lost wages, lost benefits, back pay, front pay, reimbursement for any and all lost benefits, and reimbursement for any and all past and future medical expenses for injuries (mental or otherwise) caused or exacerbated by Defendants, together with pre-judgment and post-judgment interest thereon;

4.    Directing Defendants to pay Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, pain and suffering, and damage to her professional reputation caused by Defendants' unlawful employment practices;

5.    Directing Defendants to pay Plaintiff punitive damages sufficient to punish Defendants' willful and malicious conduct and deter continuation of Defendants' unlawful employment practices;

6. Awarding Plaintiff reasonable attorney's fees, expert fees, and all other costs and disbursements associated with this action, pursuant to 42 U.S.C. § 2000e-5(k) and N.Y. Exec. Law § 297; and

7. Granting such other and further relief as this Court deems just and proper.

8. Assessing civil fines and penalties pursuant to the New York State Human Rights Law § 297.

Dated: April 24, 2026

SOLOMON LAW FIRM PLLC

Kathryn L. Barcroft, Esq.
(SDNY No. 7700)
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
t. (866) 833-3529
f. (202) 688-1896
kbarcroft@fedemploylaw.com

*Attorneys for Plaintiff*
Rachel Periera